# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| JANE DOE, individually and as mother and natural guardian of JANE DOE 2,<br>    Plaintiff,<br><br>v.<br><br>TIPPECANOE SCHOOL CORPORATION, JOHN BEEKER, and FRED ROOP,<br>    Defendants. | CAUSE NO.: 4:15-CV-56-RL-PRC |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel Records from Defendant Tippecanoe School Corporation, Claimed to be Privileged by FERPA [DE 25], filed by Plaintiff on October 16, 2015. Defendant Tippecanoe School Corporation (TSC) filed a response on October 22, 2015. No reply was filed, and the time to do so has passed.

In her motion, Plaintiff seeks a court order compelling TSC to produce the following items requested in discovery, the production of which TSC objects to: (1) the identification of students in Teacher Jakob Robinson's class when Jane Doe 2 was with him, (2) school surveillance video of Robinson with Jane Doe 2, and (3) the withheld portion of Defendant John Beeker's personnel file.

Because TSC is an educational institution, the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. 1232g, is implicated by these requests. Under FERPA, information otherwise protected from disclosure may be released pursuant to a court order. In responding to a motion to compel discovery, the party objecting to the discovery request has the burden of demonstrating why the information sought is not discoverable. *Bayer Healthcare LLC v. Norbrook Labs., Ltd.*, No. 08-C-953, 2011 WL 6046602, at *3 (E.D. Wis. Dec. 6, 2011).

The identification of students in class with Robinson and Jane Doe 2 goes beyond the basic

"directory information," which, under FERPA, can be disclosed without a court order. Instead, the information sought will disclose a part of the students' class schedules and enrollment record and, thus, cannot be disclosed except under certain circumstances, such as pursuant to a court order. Plaintiff's request for the identification of these students is reasonable because these students are potential witnesses to the alleged behavior between Robinson and Jane Doe 2. TSC does not substantively object to the production of these documents, and these documents must be turned over in discovery.

While it makes no substantive objection, TSC asks that the students or their parents be given the opportunity to object to disclosure of their records before production to Plaintiff. The Court notes that federal regulations require TSC to make a reasonable effort to notify the students or their parents in advance of disclosing the FERPA-protected information. 34 C.F.R. § 99.31(a)(9)(ii). This notice is given in order to allow parents or students to seek protective action. *Id.* The Court further notes that there is a protective order in this case governing the handling of confidential documents. The protection that TSC seeks is already a part of the regulatory framework within which this case must be litigated, and the protective order anticipates disclosure of FERPA-protected information. The Court declines to enter any safeguards beyond those already in effect.

Regarding the surveillance video, TSC represents that it believes it has resolved the dispute with Plaintiff. Plaintiff has made no statement in reply to assert that this representation is incorrect. In light of TSC's uncontested representation of the parties' agreement, the Court considers the request regarding the video surveillance to be moot.

Finally, Plaintiff has presented no argument to the Court regarding why the omitted portions of Beeker's personnel file are discoverable under Rule 26. Plaintiff only argues that any issues with

FERPA compliance can be resolved through redaction. While this may be true, TSC responds to this motion, arguing that Plaintiff does not address all of TSC's objections raised in its response to this Request for Production, including TSC's assertion that the information is not relevant. Because Plaintiff has not referenced TSC's objection regarding relevance in this motion, it is not before the Court. Therefore, the Court denies without prejudice Plaintiff's motion to compel the remainder of the personnel file.

Based on the foregoing, the Court hereby **GRANTS in part**, **DENIES as moot in part**, and **DENIES without prejudice in part** Plaintiff's Motion to Compel Records from Defendant Tippecanoe School Corporation, Claimed to be Privileged by FERPA [DE 25]. The motion is granted to the extent it seeks to compel identification of students in class with Jakob Robinson and Jane Doe 2. The motion is denied as moot as to the video surveillance and is denied without prejudice as to the personnel file. The Court **ORDERS** Defendant Tippecanoe School Corporation to provide the information sought in Plaintiff's Requests for Production 22, 23, 24, 25, 26, and 27 and to do so in compliance with FERPA and relevant regulations, including 34 C.F.R. § 99.31(a)(9)(ii).

So ORDERED this 4th day of November, 2015.

s/ Paul R. Cherry<br>
MAGISTRATE JUDGE PAUL R. CHERRY<br>
UNITED STATES DISTRICT COURT