# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| JANE DOE, individually and as mother and natural guardian of JANE DOE 2,<br> Plaintiff,<br><br>v.<br><br>TIPPECANOE SCHOOL CORPORATION, JOHN BEEKER, and FRED ROOP,<br> Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CAUSE NO.: 4:15-CV-56-RL-PRC |

## OPINION AND ORDER

This matter is before the Court on a Motion to Compel Missing Pages from Materials Provided at Defendants' 2015 Professional Development Meeting [DE 49], filed by Plaintiff on December 1, 2016. Defendants Tippecanoe School Corporation (TSC), John Beeker, and Fred Roop filed a response on December 15, 2016. Plaintiff filed a reply on December 22, 2016.

In her motion, Plaintiff seeks a court order compelling Defendants to produce pages 3-9 from a document titled "Strategies for Investigation and Preventing Inappropriate Student-Staff Relationships." The other pages of the document have been produced. Defendants oppose the motion and argue that the pages at issue were properly withheld because they are covered by both the attorney-client privilege and the work product doctrine. Defendants also briefly mention a challenge to the pages' relevance.

## ANALYSIS

A party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). A party may seek an order compelling discovery when an opposing party fails to respond to discovery

requests or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a). The burden is on the objecting party to show why a particular discovery request is improper.

Federal Rule of Evidence 501 provides that claims of privilege are governed by federal common law unless state law supplies the rule of decision, in which case state law applies. In cases, like the instant case, where both federal and state claims are brought and the discovery at issue pertains to both claims, federal common law applies. *Mem'l Hosp. for McHenry Cty. v. Shadur*, 664 F.2d 1058, 1061 n.3 (7th Cir. 1981).

**A. Work Product**

The work product privilege applies to documents and tangible things that are prepared in anticipation of litigation or for trial by and for another party or its representatives. Fed. R. Civ. P. 26(b)(3)(A). However, these materials may be discovered if they are otherwise discoverable under Rule 26(b)(1) and " the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A). If mental impressions, conclusions, opinions, or legal theories of a party's attorney are contained in work product, these are not to be disclosed even if the Court orders discovery of work product. Fed. R. Civ. P. 26(b)(3)(B). The work product privilege serves "dual purposes: (1) to protect an attorney's thought processes and mental impressions against disclosure; and (2) to limit the circumstances in which attorneys may piggyback on the fact-finding investigation of their more diligent counterparts." *Sandra T.E. v. S. Berwyn Sch. Dist. 100*, 600 F.3d 612, 621-22 (7th Cir. 2010).

To qualify for protection under the work product doctrine, "the primary motivating purpose behind the creation of a document . . . must be to aid in possible future litigation." *Binks Mfg. Co.*

*v. Nat'l Presto Indus.*, 708 F.2d 1109, 1119 (7th Cir. 1983) (quoting *Janicker v. George Washington Univ.*, 94 F.R.D. 648, 650 (D.D.C. 1982)); *accord Charvat v. Valente*, 82 F. Supp. 3d 713, 719 (N.D. Ill. 2015) (quoting *E.E.O.C. v. Commonwealth Edison*, 119 F.R.D. 394, 395 (N.D. Ill. 1988)). In determining whether the doctrine applies, courts "look to whether in light of the factual context 'the document can fairly be said to have been prepared or obtained because of the prospect of litigation.'" *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 976-77 (7th Cir. 1996) (quoting *Binks Mfg. Co.*, 709 F.2d at 1119). The burden is on the party asserting the doctrine's protection to show that it applies. *Christman v. Brauvin Realty Advisors, Inc.*, 185 F.R.D. 251, 256 (N.D. Ill. 1999) (citing *Binks Mfg. Co.*, 709 F.2d at 1118).

The pages at issue here are part of a larger document that was created for the purpose of training TSC employees. The document's title and deposition testimony by TSC employees indicate that the training was meant to enable the employees to investigate and prevent inappropriate relationships between TSC's students and staff. Though the document may not have been created if the instant litigation had not been initiated, the primary motivating purpose behind the creation of the document was to train staff to identify or avoid future incidents, not for use in defending the instant lawsuit or any future theoretical lawsuit. *Cf. Stalling v. Union Pac. R.R. Co.*, 01 C 1056, 2003 WL 22071502, at *1 (E.D. Ill. Sept. 4, 2003) (holding that a risk management training manual that discusses the contingency of litigation is not work product). Defendants have not offered any indication of how they plan to use the document in this or any other litigation that they may have reason to anticipate. The work product doctrine and the protections it provides, contained in Federal Rule of Civil Procedure 26(b)(3), do not apply to these pages.

## B. Attorney-Client Privilege

"The attorney-client privilege protects communications made in confidence by a client . . . to an attorney . . . for the purpose of obtaining legal advice." *Sandra T.E.*, 600 F.3d at 618. "Although the attorney-client privilege generally attaches only to statements made by the client, statements made by the lawyer to the client will be protected in circumstances where those communications rest on confidential information obtained from the client." *Rehling v. City of Chicago*, 207 F.3d 1009, 1019 (7th Cir. 2000). The privilege is "'one of the oldest recognized privileges for confidential communications' known to the common law." *United States v. BDO Seidman*, 337 F.3d 802, 810 (7th Cir. 2003) (quoting *Swidler & Berlin v. United States*, 524 U.S. 399, 403 (1998)). "However, because 'the privilege has the effect of withholding relevant information,' courts construe the privilege to apply only where necessary to achieve its purpose." *Id.* (quoting *Fisher v. United States*, 425 U.S. 391, 403 (1976); citing *In re Grand Jury Proceeding (Cherney)*, 898 F.2d 565, 567 (7th Cir. 1990)). The party seeking to invoke the privilege has the burden of establishing all of its elements. *Id.* (citing *In re Grand Jury Proceedings (Thullen)*, 220 F.3d 568, 571 (7th Cir. 2000); *United States v. Evans*, 113 F.3d 1457, 1461 (7th Cir. 1997))."[M]ere conclusory statements will not suffice to meet that burden." *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 152 F.R.D. 132, 139 (N.D. Ill. 1993).

The attorney-client privilege can be waived. *Lorenz v. Valley Forge Ins. Co.*, 815 F.2d 1095, 1098 (7th Cir. 1987). Express waiver of attorney-client privilege occurs when "information that would otherwise be privileged is not kept confidential." *Patrick v. City of Chicago*, 154 F. Supp. 3d 705, 711 (N.D. Ill. 2015) (citing *United States v. Buljubasic*, 808 F.2d 1260, 1268 (7th Cir. 1987)).

To gain protection of the attorney-client privilege for the pages at issue, Defendants must establish that the communication was made in confidence. *See BDO Seidman*, 337, F.3d at 811. Defendants have not identified any deposition testimony indicating that the withheld pages are confidential. Defendants argue that deposition testimony shows that attendance at the meeting was limited to the attorney presenting the material, TSC's administrators, and possibly TSC teachers. The testimony, however, merely states that it was a "teacher's meeting," (Burton Dep. 36:9, ECF No. 49-2), "administrative meeting in August where all of the administrators are there," (Roop Dep. 12:18-19, ECF No. 49-3), or a mandatory "administrate professional development," (DeLong Dep. 64:9, 65:11-12, ECF No. 49-4). The testimony is in conflict about who the intended audience was, and there is no testimony indicating that the audience was restricted to only the invited employees or that any measures were taken to keep the meeting or the materials distributed at the meeting confidential.

Two deponents recalled materials being distributed at the meeting. (Roop Dep. 41:3-4, ECF No. 49-3; DeLong Dep. 63:21-64:3, ECF No. 49-4). Defendants have not identified deposition testimony labeling the presentation materials as confidential. The produced portion of the document at issue does not contain a confidentiality notice, and Defendants do not contend that there is such a notice in the withheld pages. Defendants' attorney sent a letter to Plaintiff's attorney in which he asserts that the pages at issue "directly concern the subject matter of this litigation and appear to be based upon confidential communications between [TSC counsel] and TSC." (Mot. Ex. F, 1, ECF No. 49-6). No further detail or support for this conclusory statement is provided.

Plaintiff sent a notice for a deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) to TSC for the purpose of determining who was at the meeting, whether there was an intent that the

5

information be confidential, the purpose of the meeting and discussion, and distribution and production of the materials. TSC refused to produce a deponent for the 30(b)(6) deposition. Plaintiff has not requested that the Court compel the production of a deponent.

As stated above, Defendants bear the burden to show that they are entitled to protection under the attorney-client privilege. The evidence is not clear regarding who was in attendance at the meeting, and there is insufficient evidence of intent for the document distributed at the meeting to be kept confidential. Defendants have not established that the attorney-client privilege protects the pages withheld from the document.

### C. Relevance

In their introductory paragraph, Defendants also state that the pages "are of no obvious relevance." (Resp. at 1, ECF No. 55). However, Defendants present no argument in support of this claim. Further, Defendants quote a letter from their counsel, which states in part "Pages 3-9 directly concern the subject matter of this litigation." *Id.* at 5. Defendants have not shown the discovery at issue to be irrelevant.

### D. Reasonable Expenses

Federal Rule of Civil Procedure 37(a)(5) provides that, if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). However, the Court must not order the payment under certain circumstances set forth in the rule. *Id*.

### CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the Motion to Compel Missing Pages from Materials Provided at Defendants' 2015 Professional Development Meeting [DE 49] and **ORDERS** Defendants to produce pages 3-9 from "Strategies for Investigation and Preventing Inappropriate Student-Staff Relationships" on or before **January 16, 2017**.

The Court further **ORDERS** that any brief setting forth argument why the Court should not order Defendants to pay Plaintiff's reasonable fees incurred in bringing this motion must be filed on or before **January 24, 2017**. Any response by Plaintiff must be filed by **February 3, 2017**.

So ORDERED this 10th day of January 2017.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT